IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HOWARD WILSON, A10506**

    **Petitioner,**

  vs.                                   Case No. 16-cv-1391-DRH

**JACQUELINE LASHBROOK,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his 1993 McLean County conviction. (Doc. 1). The petition was filed on December 21, 2016. (Doc. 1). A jury convicted petitioner of 3 counts felony murder, 4 counts armed robbery,[1] 1 count of aiding and abetting, and 1 count of perjury. (Doc. 1, p. 1). Petitioner was sentenced to natural life in prison on May 3, 1993. (Doc. 1-1, p. 16) (Doc. 1, p. 1).

Petitioner appealed his conviction to the Illinois Appellate Court and then subsequently to the Illinois Supreme Court. (Doc. 1, pp. 2-3). The conviction was affirmed. (Doc. 1, p. 3). Petitioner then filed an action seeking post-conviction relief in McLean County on December 22, 1994. *Id.* He filed a subsequent post-

---

[1] Some of petitioner's exhibits suggest that the armed robbery charges were dismissed prior to trial. *See, e.g.*, Doc. 1-1, p. 16.

1

conviction action on December 27, 1999. (Doc. 1, p. 4). Petitioner also alleges that he filed a third action in state court, although he does not provide the case number or the date of filing. (Doc. 1, p. 5).

Although the petition is silent on this point, it appears that petitioner has brought several actions for habeas relief in Federal Court. In 1995, petitioner filed a habeas action in this Court, Case No. 95-813, which was ultimately transferred to the Central District. Presumably, that case became 96-1023 in that court. (*See* Central District, Case No. 96-1023, Doc. 8). In No. 96-1023, the court dismissed the petition, after requiring counsel for petitioner to show cause why he had not filed a reply brief. (C.D. Ill. Case No. 96-1023, Doc. 23). Petitioner alludes to this circumstance in the current filing. (Doc. 1, p. 7). After that case was dismissed, Petitioner appealed. *Wilson v. Washington*, 138 F.3d 647 (7th Cir. 1998). The Seventh Circuit denied that appeal, on which petitioner also proceeded with counsel, on February 25, 1998. *Id.* Petitioner's writ of certiorari to the Supreme Court was denied. (U.S. No. 97-9595). Petitioner filed another case, No. 99-1298 in the district court, which was dismissed as a second or successive petition. In 2008, petitioner asked the Seventh Circuit for leave to file a second or successive petition in case No. 08-3476. The Seventh Circuit denied leave. (7th Cir. No. 08-3476, Doc. 4) More recently, petitioner filed case No. 16-1019. In that case, petitioner used a form appropriate for filing a § 2-1401 action pursuant to Illinois state law. The Court dismissed that case, but granted leave to

2

petitioner to file a federal habeas case. (Case no. 16-1019, Doc. 7). That Order did not address the issue of petitioner's previously filed habeas cases.

Petitioner has now brought an action using the correct federal form. His "Notice" at Doc. 3 explains that he tried to file his previous action in state court, but that Illinois Circuit County Judge Scott Drazewski denied it and informed petitioner that he was barred from filing any more petitions in state court. (Doc. 3). Therefore, Petitioner has refiled in this Court. (Doc. 3).

Petitioner also filed a "Response" to the Order denying petitioner IFP, and a "Notice," in which he asks for certain relief due to his petition being dismissed for failure to pay the filing fee. (Doc. 9) (Doc. 10). This matter has not been dismissed for failure to pay a filing fee. The filing fee for this matter is $5.00, which the Court received on January 18, 2017. As the Court has received the money, it denied petitioner's motion to proceed in forma pauperis because Petitioner had no need for that relief, but it did not dismiss this action. (Doc. 8).

Finally, it has come to the Court's attention that Jacqueline Lashbrook, not Jeff Hutchinson, is current warden of Menard. See https://www.illinois.gov/idoc/facilities/Pages/menardcorrectionalcenter.aspx. Lashbrook is now the proper defendant in this action pursuant to Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts. In accordance with Fed. R. Civ. P. 25(d), this Court orders the substitution of Lashbrook as respondent by reason of Hutchison's change of status.

**The Petition**

Petitioner blames his appointed attorney for the failure to file a reply brief when ordered by the Court, presumably in the central district case, No. 96-1023. (Doc. 1, p. 7). Petitioner does not identify a Ground One for relief, and affirmatively states that there are no facts in support of Ground One. (Doc. 1, p. 8). Likewise, Petitioner does not identify a Ground Two, but refers to his exhibits when asked about facts that support Ground Two. (Doc. 1, p. 10). Petitioner also fails to identify a Ground Three or Four, but again refers back to his exhibits. (Doc. 1, pp. 12-15). Petitioner also alleges that he received ineffective assistance of counsel and that his counsel had a conflict of interest. (Doc. 1, p. 16). He does not identify which proceeding produced that issue.

Petitioner's exhibits consist of a 166 page selection of orders and filings from his other post-conviction and habeas cases. (Doc. 1-1). Although they are repetitive and not logically ordered, it appears that in petitioner's previous habeas cases he raised the following issues: 1) the statute of limitations had run on the underlying felony, making his conviction for felony murder void; 2) petitioner had received an offer of immunity, which he accepted; 3) post-conviction counsel had a conflict of interest; 4) trial counsel had a conflict of interest; 5) the prosecutor mislead members of the grand jury when securing the indictment; 6) the state statute authorizing life imprisonment for felony murder is unconstitutional and the trial court erred in imposing that sentence; 7) the trial judge acted improperly regarding a motion for substitution filed in the trial court. (Doc. 1-1).

4

Petitioner also filed an "Exhibit E," an additional 109 pages, on January 3, 2017. (Doc. 4). Specifically, petitioner argues that 1) the state's attorney offered him immunity prior to his indictment; 2) results from a polygraph test were improperly admitted in the grand jury proceeding; 3) his post-conviction attorney, William Yoder, developed a conflict of interest during the proceedings; 4) the state court improperly applied a rule of statutory construction in deciding that the armed robbery statute of limitations did not apply to a charge of felony murder based on the underlying armed robbery in violation of the due process clause and the equal protection clause; 5) Margaret Wilson's statements were improperly admitted to the grand jury; 6) trial counsel had a conflict of interest and did not adequately protect Petitioner's right to a speedy trial and failed to adequately raise the statute of limitations issue; 7) the trial court improperly admitted the testimony of his co-defendant; 8) the trial judge erred on several grounds during sentencing; 9) trial judge erred in not recusing himself; 10) the indictment itself was unconstitutional. (Doc. 4). It is not clear what the exact composition of Exhibit E is; many of the documents make arguments that start in the middle of sentences, and others have dates or requests for relief inconsistent with these proceedings, that suggest they are exhibits and not argument.

On page 58 of that exhibit, petitioner appears to address the Court directly in this proceeding and argues: 1) trial attorney was incompetent for failing to object to an unconstitutional state statute; 2) his post-conviction attorney had a conflict of interest; 3) trial attorney failed to impeach a state witness that

committed perjury; 4) trial attorney failed to argue that there was a *Brady* violation; 5) trial attorney failed to argue that there was a *Baston* violation; 6) trial attorney failed to argue that petitioner's conviction violated the double jeopardy clause; 7) trial attorney failed to raise petitioner's immunity letter; and 8) trial attorney failed to object to the state introducing a weapon that was not the murder weapon. (Doc. 4, pp. 58-59).

Finally, petitioner filed a 25 page "Exhibit L" on January 19, 2017. (Doc. 7). That document asks the Court to consider the exhibit, and direct the state circuit courts to hear Petitioner's request for relief. That is not relief that is available under § 2254, and so that request is denied. The remainder of Doc. 7 is made up of the same kinds of exhibits petitioner submitted in Doc. 1-1 and Doc. 4.

## **Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not consider a second or successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). The question is jurisdictional: if the Petitioner has not received authorization, the district court lacks jurisdiction over the matter. *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006).

Here there is no doubt that this is a successive or secondary petition. Although not disclosed, petitioner has filed multiple other habeas actions, at least

one of which has already been dismissed for failure to receive authorization. Petitioner attempted to obtain authorization in 2008 to file a second or successive petition, and the Seventh Circuit denied his request. Petitioner has not affirmatively stated that he has since received authorization, and there is no public record of any such authorization being granted. Petitioner has not pleaded that the current petition falls into any exceptions or special circumstances that courts have recognized. In fact, he has not made any arguments that would justify a second or third § 2254 petition. *See* 28 U.S.C. § 2244(b)(2). The case will be dismissed for lack of jurisdiction.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000). Both components must be established for a certificate to issue.

As this case as an unauthorized successive collateral attack, petitioner cannot satisfy the criteria for a certificate of appealability. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). No reasonable jurist would find the issue debatable.

### Disposition

**IT IS HEREBY ORDERED**, that for the reasons above, the petition is **DISMISSED without prejudice** for lack of jurisdiction. Dismissal is without prejudice to bringing a properly authorized successive petition. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

**DATED: February 8, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.02.08 12:43:09 -06'00'

United States District Court